## BRADLEY v. MARSHALL COUNTY.

**District Attorney:** COMPENSATION.   Under Chapter 38, Laws of 1864, a District Attorney is not allowed to charge a fee for a conviction in addition to the fee allowed for a jury trial.   Following *Ellis v. Jackson County, ante.*

*Appeal from Marshall District Court.*

THURSDAY, APRIL 9.

ACTION against the county for fees.   Judgment for defendant for costs.   Plaintiff appeals.   The facts of the case appear in the opinion.

*Henderson & Merriman,* for appellant.

*Obed Caswell,* for appellee.

MILLER, CH. J.—This case was submitted to the court on the following agreed statement of facts, viz :

That the plaintiff was the District Attorney for the 11th Judicial District of Iowa, from February 1, 1866, to the 1st day of October, 1872, in which judicial district is Marshall county.

The plaintiff claims that he is entitled to fees as such District Attorney, under the law of 1858, being Chapter 25 of the Revision of 1860, and also under the law of 1864, being Chapter 38 of the 10th General Assembly of said State, and has been paid fees under the law of 1864, only.

He has rendered services as such officer in Marshall county, for the years 1868, 1869, 1870, 1871 and 1872, in cases in the District Court, so that if he is entitled to pay under both laws he will be entitled to the sum of $320 in addition to the pay already received.

Now, it is agreed that the question herein involved be submitted to the District Court of said county, and if he, plaintiff, is entitled to recover, or, in other words, if the law first above mentioned was not repealed by subsequent acts, judgment

shall be rendered for plaintiff for $320; and if he is not entitled thereto, judgment shall be rendered against the plaintiff for costs, with exception to the ruling for the party, against whom it is made.

This identical question came before us in *Ellis v. Jackson County* (page 175 *ante*), and it was there held

District Attorney: compensation.

that Chapter 38, of the laws of 1864, covered the whole subject of salary of District Attorneys, providing what such salary should be, and necessarily in conflict with the prior provisions of the statute on the same subject, operated a repeal thereof, and that District Attorneys were entitled to no further salary or fees than as provided in the Act of 1864. Following that case this judgment must be

AFFIRMED.